IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CHARLES BARRETT HAVER, <br> ELAINE HAVER, <br><br> Appellants, <br><br> v. <br><br> DARIUSH JAHANIAN, <br><br> Appellee. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:11-cv-723 <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

In this bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1), the Appellants Charles Barrett Haver and Elaine Haver have filed Appellants' Objections to the Magistrate Judge's Order ("Appellants' Objections") striking Appellants' Brief from the docket [Doc. No. 14]. Having considered Appellants' Objections and memoranda filed in support thereof [Docs. No. 14, 17], Appellee's Opposition thereto [Doc. No. 16], and the arguments of counsel at the hearing held on September 16, 2011, and having reviewed the merits of the appealed decision of the Bankruptcy Court under the applicable standard of review, the Court affirms the ruling of the Magistrate Judge.

On April 21, 2011, Appellants filed this appeal from the Bankruptcy Court order dated April 7, 2011, which dismissed Appellants' motion to have their claims against the Appellees declared non-dischargeable. By Order dated July 11, 2011, the clerk set a briefing schedule in this appeal, with Appellants' Brief due by July 25, 2011. *See* Docs. No. 1, 3. On July 26, 2011, the day after the deadline for filing their brief, Appellants filed a Motion for Extension of Time to File Appellants' Brief [Doc. No. 4], requesting

an extension until August 1, 2011, to file. On July 27, 2011, counsel for Appellants was notified to file a Notice of Hearing Date or a Notice of Waiver of Oral Argument in accordance with Local Rule 7(E).[1] Appellants did not file such a notice. However, on August 1, 2011, Appellants filed a second Motion for Extension of Time to File Appellants' Brief [Doc. No. 5], requesting an extension until August 4, 2011. On August 5, 2011, counsel for Appellants was notified again to file a Notice of Hearing Date or a Notice of Waiver of Oral Argument in accordance with Local Rule 7(E). Again, Appellants did not file such a notice. However, without any extension of the time to file its brief or any other Court authorization, on August 8, 2011 (four days after the new deadline requested in Appellants' second extension motion), Appellants filed Appellants' Brief [Doc. No. 8]. Then, on August 10, 2011, Appellants withdrew Appellants' Motions for Extension of Time to File Appellants' Brief on the grounds that the "motions are now moot because Appellants have as of August 8, 2011 filed their brief." *See* Appellants' Withdrawal of Motions for Extension ("Appellants' Withdrawal") [Doc. No. 10].[2]

On August 9, 2011, the Magistrate Judge ordered that Appellants' Brief be stricken from the docket by virtue of "the fact that [the Magistrate Judge's] staff informed counsel for Appellants that the Appellants' Motions for Extension of Time to File

---

[1] Local Rule 7(E) provides: "Except as otherwise provided by an order of the Court or by these Local Rules, all motions shall be made returnable to the time obtained from and scheduled by the Court for a hearing thereon. The moving party shall be responsible to set the motion for hearing or to arrange with opposing counsel for submission of the motion without oral argument. Unless otherwise ordered, a motion shall be deemed withdrawn if the movant does not set it for hearing (or arrange to submit it without a hearing) within thirty (30) days after the date on which the motion is filed.)"

[2] Appellants further stated in connection with their withdrawal of their motion for the extension that "[t]o the extent the issue of the time for Appellants to file their brief remains to be addressed, that can be done through Appellee's pending motion to dismiss the appeal. . . . Appellants will respond to this motion within the time set by Fed. R. Bankr. 8011(a) for responses to motions . . . ." *See* Doc. No. 10.

Appellants' Brief . . . would not be considered until he filed a notice of hearing or waiver of oral argument for the motions," *see* Doc. No. 11, and because Appellants untimely filed Appellants' Brief even though the Magistrate Judge had not ruled on Appellants' Motions for Extension of Time to File Appellants' Brief. On August 19, 2011, Appellants filed objections to the Magistrate Judge's order. *See* Doc. No. 14.

Appellants' objections to the Magistrate Judge's order fit into two categories: (1) the Magistrate Judge failed to apply the Federal Rules of Bankruptcy in this case; and (2) why additional time for filing Appellants' Brief is justified. *See* Doc. No. 14, at 3-11.

Appellants first argue that its appeal in this Court is governed, not by the federal rules of civil procedure and this Court's Local Rules, but by the federal rules of bankruptcy procedure. In this regard and in support of their position that the Magistrate Judge acted improperly by striking their motion for failure to notice it for a hearing or file a waiver of hearing notice, the Appellants rely specifically on Federal Rule of Bankruptcy Procedure 8011, which provides that in bankruptcy appeals, motions for procedural orders "may be acted on at any time, without awaiting a response thereto and without hearing." Whatever may be the applicability of Rule 8011, it did not authorize the Appellants to ignore and act contrary to the specific instructions of the Magistrate Judge and the Local Rules of this Court that he invoked. At most, it authorized the Magistrate Judge to act, in his discretion, without a hearing.

The Court also concludes that Appellants' more general position that they were entitled to additional time within which to file their brief is without merit under both the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure since

3

they have not demonstrated "excusable neglect" for failing to file or seek an extension for filing their brief within the prescribed time period.

> Fed. R. Bankr. P. 9006(b)(1) provides in pertinent part:
>
> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Civ. P. 6(b)(1) provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Here, Appellants' Motion for Extension of Time was made after the expiration of the time for filing Appellants' Brief, yet nowhere in either of Appellants' motions for extension of time or in Appellants' Objections do Appellants attempt to show that their failure to timely file Appellants' Brief, or their failure to seek an extension before the expiration of the period originally prescribed for filing, was the result of "excusable neglect."

In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), the Supreme Court interpreted "excusable neglect" in the context of Fed. R. Bank. P. 9006(b)(1)) and articulated the following four factors to be considered in determining whether excusable neglect exists: "[1] danger of prejudice to the [opposing party], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the

movant, and [4] whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. In *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530 (4th Cir.1996), the Fourth Circuit adopted the Supreme Court's four factor test, noting that "'excusable neglect' is not easily demonstrated, nor was it intended to be[,]" and advising that a district court should find excusable neglect "only in the 'extraordinary cases where an injustice would otherwise result.'" *Thompson*, 76 F.3d at 533. Upon consideration of the four factors set forth in *Pioneer* and adopted in *Thompson*, the Court finds that Appellants have not demonstrated excusable neglect for Appellants' failure to timely file Appellants' Brief.

Counsel for Appellants urged at the hearing that excusable neglect was not the appropriate standard to apply here but that, instead, the Court should employ the standard set out in *In re Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir. 1992), and applied in *In re SPR Corp.*, 45 F.3d 70 (4th Cir. 1995), both decided before *Thompson v. E.I. DuPont de Nemours & Co., Inc., supra*. Even if Appellants are correct that the *Serra Builders* factors apply rather than an excusable neglect standard, the Court, upon consideration of the *Serra Builders* factors, finds that the Magistrate Judge's order should be affirmed.

In *In re SPR Corp.*, the Fourth Circuit considered whether dismissal of a bankruptcy appeal is proper under Rule 8001(a), which provides that "an appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." In that case, the Fourth Circuit held that a district court, when exercising its discretion under Rule 8001(a), must undertake the following four steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the

delay had any possible prejudicial effect on the other parties; [and] (4) indicate that it considered the impact of the sanction and available alternatives." *In re SPR Corp.*, 45 F.3d at 72. *See also id.* at 74 (holding that "a fair reading of *Serra* reveals that a proper application of its test will normally require a district court to consider and balance all [four] relevant factors"). *Accord In re Weiss*, 111 F.3d 1159, 1172-74 (4th Cir. 1997) (affirming the district court's dismissal of appellant's appeal because the district court "attempted to address all four of the *Serra Builders* factors" in a case where the appellant claimed she did not timely file her brief because "she never received the clerk's letter" setting on the filing deadlines for the appeal).

Here, Appellants have failed to make the necessary showing under the *Serra Builders* factors. Appellants' counsel's repeated, unjustified refusals to comply with court ordered procedures and filing deadlines, including those he himself requested, demonstrate negligence, at the very least. Appellants were given an opportunity to explain the delay but failed to provide any satisfactory explanation; and Appellees have been prejudiced by the unnecessary delay in the resolution of its bankruptcy proceedings. The Court has considered possible alternatives but concludes that none are appropriate here, particularly since the Court has reviewed Appellants' stricken brief on the merits of their appeal and concludes that the Bankruptcy Court did not commit reversible error in determining that Appellants' claims did not meet the requirements for non-dischargeability.[3]

---

[3] Based on its review, the Court concludes that Appellants' Brief did raise a colorable procedural error with respect to Count I in that the Bankruptcy Court did not set forth separate specific findings of fact and conclusions of law in support of its dismissal of Count I. Nevertheless, the Court finds that because Counts I and II raised substantially similar factual issues and substantially the same legal issues, and because the Bankruptcy Court considered both counts at one hearing and ruled on both counts in a single

## CONCLUSION

For the above reasons, the Court concludes that Appellants have not justified their failure to timely file Appellants' Brief. The Court therefore will affirm the Magistrate Judge's Order [Doc. No. 11] striking Appellants' Brief and dismiss Appellants' appeal of the ruling of the bankruptcy court.

An appropriate Order will issue.

/s/
_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
October 31, 2011

---

Memorandum Opinion, *see Haver v. Jahanian (In re Jahanian)*, No. 08-10030, 2011 WL 1331995 (Bankr. E.D. Va. Apr. 7, 2011), the Bankruptcy Court's failure to make separate findings and conclusions as to Count I, and the limited procedural relief that might result from that failure, were the Court to grant Appellants' appeal on that basis as to Count I, does not justify the relief sought based on the *Serra Builders* factors applied in *In re SPR Corp., supra.*